PER CURIAM:
 

 Before us are various motions and petitions submitted by Anthony R. Martin-Tri-gona,
 
 pro se,
 
 seeking,
 
 inter alia,
 
 leave to appeal various orders entered in his bankruptcy proceeding, reinstatement of appeals that have been dismissed, or other relief. We generally dispose of such motions by unpublished order, but on this occasion we issue a published opinion discussing his conduct and the consequences thereof in the future.
 

 Martin-Trigona’s propensity for generally meritless, usually vexatious and often scurrilous resort to legal processes has been documented in our prior decisions.
 
 See, e.g., In re Martin-Trigona,
 
 737 F.2d 1254, 1256-57 & Appendix C (2d Cir.1984),
 
 cert. denied,
 
 — U.S. -, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). In June, 1984, we affirmed the power of the district court to enjoin him from bringing a variety of actions without leave of court and also issued an injunction governing appeals to this court.
 
 [1]
 

 Id.
 
 at 1264. Under the latter injunction, Martin-Trigona must move for leave to take an appeal within twenty days of the notice of appeal, and must indicate the grounds supporting his motion.
 
 Id.
 
 If a motion for leave is not filed within twenty days of the notice, the appeal is dismissed.
 
 Id.
 
 Leave to appeal is granted if we conclude that Martin-Trigona has standing to appeal, that this court has jurisdiction over the appeal, and that the appeal has colorable merit. These restrictions were entered pursuant to our inherent power to protect our jurisdiction from conduct
 
 *11
 
 that threatens our ability to carry out Article III functions.
 
 Id.
 
 at 1261-62.
 

 The injunction has been effective in preventing Martin-Trigona from using legal processes to harass “anyone who so much as crosses his path in the federal courts.”
 
 Id.
 
 at 1263. However, it has been only partially effective in preventing Martin-Tri-gona from overburdening this court with frivolous filings and from diverting scarce judicial resources away from litigants with good faith federal claims. Since June 18, 1984, the date of our opinion concerning the injunction, Martin-Trigona has filed over 100 appeals or petitions for appellate relief in this court. In 15 cases no leave of court was required. In 67 cases in which leave of court was required, 35 were dismissed for failure to seek leave, leave was denied in 26, and leave was granted in 6. Twenty-one matters in which leave of court is required are disposed of by this opinion.
 

 The burden imposed by Martin-Trigona on this court is clear. His submissions are so multitudinous and complex that the clerk’s office must assign administrative responsibility for Martin-Trigona’s filings to one person. No other litigant in this court requires such special consideration. In addition, motions law clerks must analyze each of his motions. This is no easy task. Martin-Trigona’s motions rarely cite relevant legal authority or state the facts clearly or directly. Further, in his motions for leave to appeal, he often attaches only the first page of the district court order appealed from. This failure to submit adequate supporting papers further increases the burden on the court. The hours spent by the staff of this court on Martin-Trigona filings are roughly the equivalent of the work of one full-time employee. Even so, this does not include the considerable time spent by the judges and their staffs after the matters are referred to them.
 

 The motions pending before us illustrate the frivolous nature of typical Martin-Trigona submissions. For instance, in Docket No. 86-5004 Martin-Trigona seeks leave to appeal from an order awarding attorney’s fees to the bankruptcy estate in connection with an action by the trustee to clear title to certain property in the estate. In his motion for leave, Martin-Trigona characterizes the award as one made directly to the attorney for the bankruptcy trustee, and claims that such an award cannot be made without notice to all creditors, as required by 11 U.S.C. § 330 (Supp. II 1984). The record reveals, however, that the fees were awarded not to the attorney, but to the estate — the exact relief Martin-Trigona has requested. The appeal for which leave is sought is thus utterly frivolous. We deny the motion for leave to appeal.
 

 Similarly, in Docket No. 86-5009 Martin-Trigona seeks leave to appeal the district court’s denial of his motion requesting removal of the bankruptcy trustee for fraudulent misrepresentations to the court, and requesting that substantial sanctions be levied against both the trustee and his attorney. The essence of Martin-Trigona's claim, set forth in papers captioned “Motion for Leave to Appeal Bizarre Order,” is that the trustee and his attorney misrepresented the fact that an initial meeting of creditors had taken place on December 13, 1982. Martin-Trigona claims he had no notice of this meeting, and submitted with the motion a recent letter from the Clerk of the Bankruptcy Court stating that a meeting scheduled for that date actually never took place. The record reveals, however, that creditors did not attend a scheduled meeting because Martin-Trigona had announced beforehand that he would not attend. The inconsistency between the trustee’s position and the Bankruptcy Clerk’s position is whether one characterizes the events by saying “No meeting was held,” or by saying “A meeting was held but no one came.” Martin-Trigona himself is the only party guilty of misrepresentations to the court— his claim that he had no notice of the December 13, 1982 meeting is contradicted by a letter tlje trustee has submitted as part of his opposition papers to the motion before us. In that letter, dated November 30, 1982 and addressed to the Bankruptcy Judge, Martin-Trigona acknowledges re
 
 *12
 
 ceipt of notice of the December meeting and states his intention not to attend. Exhibit A, Opposition to “Motion for Leave to Appeal Bizarre Order.” The motion for leave to appeal in No. 86-5009 is thus also utterly frivolous and is denied.
 

 The other motions, Docket Nos. 85-5023, 85-5024, 85-5025, 86-5010, 86-5003, 86-7091, 85-5063, 85-5077, 86-5007, 86-5015, 86-5018, 86-5022, 86-5023, 86-8015, 86-5024, 86-5025, 86-5026, 86-5017, 86-5014, are also frivolous and are denied.
 

 Because our injunction has not prevented Martin-Trigona from burdening this court with frivolous proceedings, we believe it necessary once again to exercise our inherent power to protect our jurisdiction from such vexatious conduct.
 
 See In re Martin-Trigona,
 
 737 F.2d at 1261. Rule 38, Fed.R.App.P. and Rule 11, Fed.R.Civ.P. authorize the assessment of damages in favor of an opposing party for the filing of frivolous appeals or pleadings. As a consequence of the injunction, virtually all of Martin-Trigona’s frivolous motions are unopposed before us, and thus these rules may not apply. However, our power to defend our ability to carry out our constitutional functions in no way depends upon the rights of private parties to relief. 737 F.2d at 1261. No litigant has the right to monopolize judicial resources and thus indirectly to obstruct other litigants asserting good faith claims. Absent the power to deter tactics like those employed by Martin-Trigona, a small number of litigants could paralyze this court. Our role here is thus not that of a dispute settler but that of an independent branch of government protecting its jurisdiction.
 
 Id.
 
 at 1261.
 

 In future cases, therefore, we will impose monetary sanctions on Martin-Trigona if he files frivolous papers or proceedings. Once such a sanction is levied, the clerk shall accept no further papers from Martin-Trigona, who does not have
 
 in forma pau-peris
 
 status in this court, until that monetary obligation is satisfied.
 
 See, e.g., Johl v. Johl,
 
 788 F.2d 75 (2d Cir.1986) (per curiam); Sch
 
 iff v. Simon & Schuster, Inc.,
 
 766 F.2d 61, 62 (2d Cir.1985) (per curiam). This is the only way to make the sanction effective and protect the processes of this court from abuse.
 
 Schiff,
 
 766 F.2d at 62.
 

 Martin-Trigona has pointed out that the injunction in this court has never been made permanent. We now order that this be done.
 

 Motions denied. Permanent injunction is to be entered.
 

 It is so Ordered.
 

 [1]
 

 . The injunction does not apply to judgments rendered against Martin-Trigona as a defendant, or those adjudicating him in contempt. 737 F.2d at 1264.