**Anthony R. MARTIN–TRIGONA, Plaintiff–Appellant,**

v.

**Leonard N. COHEN, J.S.C., Stanley Ostrau, J.S.C., Lyn Conniff, Michael D. Rips, Schiff Hardin & Waite, Engel & Mulholland, William Lee Kinnally, Jr., Mall of New Hampshire, Grand & Ostrow and Robert Bates, Defendants–Appellees.**

**Docket No. 89–8022.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 28, 1989.

Decided June 1, 1989.

Anthony R. Martin–Trigona, Middletown, Conn., pro se.

William Lee Kinnally, Jr., Engel & Mulholland, New York City, pro se and for defendants-appellees Grand & Ostrow, Michael D. Rips, Schiff Hardin & Waite, Engel & Mulholland, Mall of New Hampshire and Robert Bates.

Before: PIERCE, WINTER and PRATT, Circuit Judges.

PER CURIAM:

The sorry history of this litigant is amply documented elsewhere and need not be again recounted. *See, e.g., In re Martin–Trigona,* 737 F.2d 1254, 1256–57 & Appendix C (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). As our prior decisions indicate, Martin–Trigona may not appeal or seek other relief in this court without moving for leave to appeal with a statement of supporting grounds except in litigation in which he is a defendant or has been held in contempt. *Id.* 737 F.2d at 1264.

Martin–Trigona appeals, or in the alternative seeks leave to appeal, from an order imposing roughly $13,000 in sanctions under Fed.R.Civ.P. 11 in an action in which he is the plaintiff. Martin–Trigona argues that he need not seek leave to appeal because the injunction was never intended to monitor appeals where a judgment was entered against him. He is incorrect because obviously a judgment against him is a prerequisite to any appeal.

We therefore turn to the merits of his motion, filed in the alternative, for leave to appeal. We have previously stated that leave to appeal would be granted only if Martin–Trigona's supporting papers indi-

cated that he "has standing to appeal, that this court has jurisdiction over the appeal, and that the appeal has colorable merit." *In re Anthony R. Martin–Trigona*, 795 F.2d 9, 10 (2d Cir.1986) (per curiam). We modify that standard and now hold that leave to appeal will also be granted in cases in which he has standing, we have jurisdiction, and the appeal is from an order imposing substantial monetary sanctions. This granting of leave to appeal is without regard to whether his papers demonstrate merit in the appeal. We grant leave solely in recognition of the seriousness of barring a litigant from access to the courts and the need to insure that such a litigant is not denied access where substantial matters are at stake.

Appellant is advised, however, that our sole ground for granting leave to appeal is the amount of the sanctions imposed upon him and not a positive evaluation of his claims that the district court erred. The panel hearing the appeal is thus free to award further sanctions if it determines that the appeal is frivolous. *See* Fed.R. App.P. 38. Martin–Trigona is also advised that the panel hearing the appeal will have authority to condition his filing of any further papers in this court upon satisfaction of such sanctions. *See In re Martin–Trigona*, 795 F.2d 9, 12 (2d Cir.1986) (per curiam); *Johl v. Johl*, 788 F.2d 75, 76 (2d Cir.) (per curiam), *cert. denied*, 479 U.S. 858, 107 S.Ct. 201, 93 L.Ed.2d 132 (1986); *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir.1985) (per curiam).

Granted.