**James M. MURRAY, Debtor–Appellant,**

v.

**NORSTAR MORTGAGE CORPORA-TION, A Division of Fleet Real Estate Funding Corp., Creditor–Appellee,**

of New York, sitting by designation.

**Michael J. MACCO, Appellee.**

No. 01–5055.

United States Court of Appeals,
Second Circuit.

March 4, 2002.

James M. Murray, Deer Park, NY, pro se.

Anne E. Miller, Esq., Shapiro & DiCaro, LLP, Rochester, NY, for Appellee.

Present WALKER, Chief Judge, SACK and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Debtor-appellant James M. Murray appeals from the July 21, 2001 order of the district court denying Murray's motion, brought under Fed.R.Civ.P. 60(b), for relief from the March 12, 1999 order of the district court affirming the dismissal of Murray's Chapter 13 petition by the bankruptcy court. Citing certain misrepresentations in Murray's papers, the district court also ordered Murray not to file any further papers in connection with this case without the prior written permission of the district court. In his Rule 60(b) motion, Murray sought relief on the basis of newly discovered evidence and the alleged fraudulent acts of appellees Norstar Mortgage Corporation ("Norstar") and bankruptcy trustee Michael J. Macco. The district court denied relief, finding, among other things, that Murray had failed to bring forward any evidence to support his claims.

This appeal arises out of Murray's default on a Chapter 13 bankruptcy plan established and confirmed by the bankruptcy court in 1993. Murray filed a Chapter 13 petition after he defaulted on a mortgage held by Norstar, which then commenced foreclosure proceedings against the real property subject to the mortgage. The plan required Murray to make monthly payments both for his mortgage arrears and for his regular mortgage payments.

In May 1996, after Murray defaulted on these payments, the bankruptcy court ordered Murray to pay the resulting arrearage, in addition to his other monthly payments, or face the dismissal of his Chapter 13 petition. Murray again defaulted and

his petition was dismissed. In his appeal of the bankruptcy court's order to the district court, Murray claimed, among other things, that he was not in default and that Norstar, its attorneys, and Macco participated in a scheme to defraud him of his property. In its March 12, 1999 order, the district court affirmed the bankruptcy court's order on the basis that Murray was correctly found to have been in default and that his fraud claims, raised for the first time on appeal, were not properly before the district court. In an unpublished summary order dated December 30, 1999, this court affirmed the district court. Specifically, this court found that Murray "was indeed in default of his payments to Norstar and the trustee" and that, even if his fraud claim was properly before the district court, the claim was "without merit" because it was based on Murray's rejected claim that Norstar falsely accused Murray of default.

On appeal, Murray raises essentially the same claims that have already been rejected by the district court twice and this court once: (1) that newly discovered evidence shows that he was not in default; and (2) that Norstar and Macco defrauded him of his property by falsely accusing him of being in default. Murray does not challenge that part of the district court's order requiring him to obtain prior written approval from the district court before filing further papers in connection with this case.

Reviewing the district court's denial of Murray's Rule 60(b) motion for abuse of discretion, *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998), we affirm. As the district court correctly found, Murray has produced no new evidence to upset the numerous findings that he was in fact in default. Because Murray's fraud claim rests on his not having been in default, it fails for the same reason.

Murray has also filed two motions in connection with this appeal. One of the motions seeks the reversal of the district court order; the other, which is styled a motion for "enforcement of constitutional rights," we liberally construe to seek the same relief. After carefully considering these motions, which in large part restate the claims Murray asserts on appeal, we find them to be without merit and deny them. We also note our concern that, despite the district court's warning, Murray might have repeated in his motion papers several misrepresentations that he apparently made before the district court. We wish to remind Murray that any further improper conduct in connection with this case may result in sanctions, which could include monetary sanctions or the requirement that Murray seek the leave of this court to pursue any future appeals arising out of this case.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.