**James M. MURRAY, Plaintiff–Appellant,**

v.

**FLEET MORTGAGE GROUP, Roger V. Archibald, Defendants–Appellees,**

**Grace Johnson, Defendant–Appellee.**

Docket Nos. 02–9249, 02–9250.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

James M. Murray, Deer Park, NY, for Appellant, pro se.

John A. DiCaro, Shapiro & DiCaro, LLP, Rochester, NY, for appellee Fleet Mortgage Group.

No appearance for appellees Roger V. Archibald and Grace Johnson, for Appellees.

PRESENT: KEARSE, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

The appellant, James M. Murray, appeals from orders of the district court denying his twin motions, brought under Fed.R.Civ.P. 60(b), for relief from the dismissal of the complaints in these actions pursuant to signed stipulations discontinuing the actions.

This appeal represents just one in a long line of actions initiated by Murray in this and other courts over the past several years, all aimed at delaying the foreclosure of his defaulted home mortgage. Complaining variously of fraud, violations of his due process rights, and judicial misconduct, Murray has pursued his efforts to the Supreme Court of the United States. *See Murray v. Norstar Mortg. Corp.*, 29 Fed.Appx. 747 (2d Cir.), *cert. denied*, 537 U.S. 840, 123 S.Ct. 163, 154 L.Ed.2d 63 (2002). Each of these claims has been rejected as without merit.

Murray's latest assertions, which essentially repeat his earlier claims and allege that he was coerced by the district court into signing the stipulations of dismissal, are no less frivolous. Murray offers these allegations without supporting evidence. Accordingly, reviewing the district court's denial of his Rule 60(b) motions for abuse of discretion, *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998), we affirm.

In so doing, we note that the district court has ordered Murray not to file any papers in connection with this case without first seeking, in writing, the court's permission to do so. This Court, too, has cautioned Murray against abusing the judicial process and making unsubstantiated allegations. *See Murray*, 29 Fed.Appx. at 749. While we are not unsympathetic to Murray's plight, we warn Murray once again that if he continues to abuse the judicial process by filing frivolous motions and appeals, he will be subject to sanctions, including an injunction limiting his ability in the future to file with the court further actions or papers. *See, e.g., In re Martin–Trigona*, 795 F.2d 9, 12 (2d Cir. 1986) (per curiam), *modified sub nom., Martin–Trigona v. Cohen*, 876 F.2d 307, 308 (2d Cir.1989) (per curiam).

For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.