**Parrish B. LEE, Plaintiff,**

v.

**LENDING TREE, et al., Defendants.**

**No. 06 Civ. 00827(RJH).**

United States District Court,
S.D. New York.

Jan. 23, 2007.

Parrish B. Lee, New York City, Pro se.

Timothy John Fierst, William Goldman Scher, Garbarini & Scher, P.C., New York City, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

HOLWELL, District Judge.

On September 29, 2006, Magistrate Judge James C. Francis IV issued a Re-

port and Recommendation ("Report") recommending that this Court grant defendants' motion to dismiss the Complaint in the above-captioned case. Plaintiff brings this action pro se to recover damages in connection with a refinance loan for a property that he owns in Virginia. The plaintiff seeks damages for fraud, for violations of the Racketeer Influenced and Corrupt Organizations Act, and for violations of 42 U.S.C. §§ 1983 and 1986. Although the Report warned plaintiff that "[f]ailure to file timely objections will preclude appellate review" by the district court (Report at 18), this Court has not received any objections from plaintiff.

■ The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.,* 234 F.Supp.2d 313, 316 (S.D.N.Y.2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson,* 618 F.Supp. at 1189. If a party fails to object to a report within 10 days of being served with the report, that party waives their right to object and appellate review of the district court's decision adopting the report, absent unusual circumstances, is precluded. *See United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997).

■ The Court finds that no clear error appears on the face of the record and hereby adopts the Report, which is attached to this opinion for ease of reference. The Court also adopts the Report's recommendation that plaintiff be granted leave to amend the Complaint to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Because plaintiff has filed at least eight lawsuits in this district since 2002,[1] Judge Francis further recommended that the Court warn plaintiff that under Rule 11, parties must ensure that their claims have a sound basis in law and in fact. (Report at 17.)

Accordingly, this Court grants plaintiff thirty (30) days from the date of this Memorandum Opinion and Order to file an amended complaint. This Court reminds plaintiff that if he fails to comply with Rule 11's requirements by filing frivolous or unsubstantiated claims, he is subject to monetary and non-monetary sanctions. *See In re Martin–Trigona,* 795 F.2d 9, 12 (2d Cir.1986) (warning pro se litigant that court would impose monetary sanctions on him if he filed frivolous papers or proceedings); *see also In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (filing of frivolous pro se habeas writs uses up courts' limited resources).

SO ORDERED.

---

1. *Lee v. Prestige Realty Associates,* No. 05 Civ. 3400(GEL); *Lee v. Bank One,* No. 05 Civ. 3036(VM); *Lee v. Deborah McIntosh,* No. 03 Civ. 3144(MBM); *Lee v. Deborah McIntosh,* No. 03 Civ. 2301(DLC); *Lee v. Equifax Information,* No. 02 Civ. 8427(TPG); *Lee v. Trans Union Consumer Relations,* No. 02 Civ. 8288(GEL); *Lee v. Experian,* No. 02 Civ. 8108(GBD).