Irwin SCHIFF, Plaintiff-Appellant,

v.

SIMON & SCHUSTER, INCORPORAT-
ED, Defendant-Appellee.

No. 1310, Docket 85–7112.

United States Court of Appeals,
Second Circuit.

Argued June 5, 1985.

Decided June 24, 1985.

Irwin Schiff, pro se.

Minna Schrag, New York City (Ronald S. Rauchberg, Proskauer Rose Goetz & Mendelsohn, New York City, on the brief), for defendant-appellee.

Before FEINBERG, Chief Judge, and MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

Rule 38 of the Federal Rules of Appellate Procedure provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

On December 20, 1984, a panel of this Court adjudicated an appeal brought by Irwin Schiff from a decision of the Tax Court in favor of the Commissioner of Internal Revenue. *Schiff v. CIR*, 751 F.2d 116 (2d Cir.1984). This Court affirmed the judgment of the Tax Court and, having determined the appeal to be frivolous,

awarded double costs and $2,500 in damages against appellant Schiff pursuant to Rule 38. *Id.* at 117. The mandate of this Court, reflecting the affirmance and the assessment of $2,500 in damages, issued on January 24, 1985, and was acknowledged by the Tax Court on January 28, 1985.

On June 5, 1985, Schiff appeared *pro se* in this Court to argue an appeal he had taken from a judgment of the District Court for the District of Connecticut (Warren W. Eginton, Judge) dismissing a complaint. The complaint sought damages and injunctive relief against Simon & Schuster, Inc. for disbursing funds allegedly pursuant to an Internal Revenue Service levy. At argument Schiff was asked whether he had paid the damages and costs previously assessed. Because of his uncertainty as to whether he had complied with the Rule 38 sanctions, he was granted a brief interval in which to advise the Court as to his compliance.

By letter dated June 7, 1985, Schiff acknowledged that he has not paid either the $2,500 in damages or the double costs. His claimed justification for not paying the $2,500 in damages is without merit. He contends that his adversary in the prior litigation, the Internal Revenue Service, has illegally obtained money from him exceeding $2,500, a circumstance he believes excuses his non-payment of the damages awarded by this Court. His argument misconceives the purpose of Rule 38 sanctions. Damages awarded for frivolous appeals are not part of a running account between a vexatious litigant and his adversary, to be balanced out if and when his vexatious litigation finally runs its course. They are sums to be paid promptly upon imposition as a penalty for having taken a frivolous appeal.[1]

Rule 38 sanctions are also a warning to a vexatious litigant (and others contemplating frivolous appeals) that the processes of a court may not be abused with impunity in the future. To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom Rule 38 sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court.[2] *Cf. Hacopian v. United States Department of Labor,* 709 F.2d 1295, 1296 (9th Cir.1983) ("Courts have consistently found the power to dismiss an action for nonpayment of costs in a prior action to be part of the inherent power of the courts."); *World Athletic Sports Corp. v. Pahlavi,* 267 F.Supp. 160, 163 (S.D.N.Y.1966) ("The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar[]) subject matter [ ] is now universal."); *see also United States v. Sperling,* 506 F.2d 1323, 1345 n. 33 (2d Cir.1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975) (litigant who absconds forfeits right to have appeal adjudicated). Appellant will not be permitted to proceed with his pending appeal unless the $2,500 damages previously assessed pursuant to Rule 38 are promptly paid.

Appellant's excuse for not paying the double costs is well taken: Through clerical error, these costs, though timely claimed, were not taxed. That oversight has now been corrected, and a supplemental mandate was sent to the Tax Court on June 13, 1985, in connection with the prior appeal, assessing double costs in the amount of $258.40. *See* Fed.R.App.P. 39(d). Upon receipt of the supplemental mandate, the Tax Court can be expected to enter a supplemental judgment that includes the amount of the double costs.

Accordingly, the pending appeal is dismissed without prejudice to reinstatement, upon the prior briefs and argument, in the

---

**1.** The normal procedure calls for the mandate of the appellate court to issue within 21 days of the court's judgment, unless the time is altered by court order, and the mandate includes a direction as to costs. Fed.R.App.P. 41(a). However, the mandate is not to be delayed for the taxation of costs, and, if the mandate issues prior to taxation of costs, these costs shall be communicated to the court from which the appeal was taken by a supplemental mandate. *Id.* 39(d).

**2.** We need not consider what course would be appropriate in the event that a litigant asserts indigency as the reason for nonpayment of Rule 38 sanctions. Schiff has not made such a claim.

event that appellant presents this Court with proof of compliance with the Rule 38 sanctions previously imposed requiring payment of $2,500 in damages plus $258.40 for double costs. Appellant's time to apply for reinstatement, with proof of compliance, shall expire seven days after entry of a supplemental judgment in the Tax Court, reflecting appellant's obligation to pay the Commissioner of Internal Revenue $2,758.40. The Clerk shall transmit a copy of this decision to the Tax Court. Our mandate with respect to this decision shall issue forthwith.