IRWIN A. SCHIFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schiff v. Commissioner
Docket No. 33278-86
United States Tax Court
T.C. Memo 1992-183; 1992 Tax Ct. Memo LEXIS 216; 63 T.C.M. (CCH) 2572; March 16, 1992, Filed *216 Decision will be entered for respondent and an appropriate order imposing a penalty under section 6673 will be entered. Irwin A. Schiff, pro se. Joseph F. Long, for respondent. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiency in and additions to petitioner's Federal income tax for 1979: Additions to Tax
Deficiency
Sec. 6653(b)
Sec. 6654
$ 44,199.99
$ 22,100.00
$ 1,847.72
The issues for decision are: (1) Whether petitioner had unreported gross income in the amount of $ 141,952 and taxable income in the amount of $ 96,042 in 1979 as determined by respondent. We hold that he did. (2) Whether petitioner's underpayment of tax required to be shown on a return is due to fraud, with the result that petitioner is liable for additions to tax under section 6653(b). We hold that petitioner's actions in 1979 regarding his tax liability were fraudulent, and he is liable for additions to tax under section 6653(b). (3) Whether petitioner is liable for additions to tax under section 6654. We hold that he is. (4) Whether petitioner is liable for a penalty under section 6673(a) for instituting and maintaining *217 a frivolous and groundless action in this Court. We hold that he is. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioner resided in Hamden, Connecticut, at the time of the filing of his petition. Petitioner is an intelligent, educated individual. He received a Bachelor of Science degree in accounting and economics from the University of Connecticut in 1950, where his course work included classes in accounting, business law, and Federal income taxation. In addition, he holds a CLU (chartered life underwriters) degree. CLU degree holders are required to pass a series of exams on topics that include income taxation. During 1979, the year at issue, petitioner was president and controlling officer of Irwin Schiff, Inc., an insurance agency which administered plans of insurance for the State medical society. Petitioner received commissions and other compensation in that year for services rendered to Irwin Schiff, Inc.Irwin Schiff, Inc., did not withhold any taxes *218 from any of its payments to petitioner in 1979. Petitioner also engaged in a publishing and lecturing activity during 1979 and received gross income from these efforts in the form of book sales and speaking fees. Petitioner was self-employed in these activities. Petitioner authored and published various tax books and materials from 1976 through at least 1990 under the trade name of Freedom Books. Petitioner's writings and publications included The Biggest Con: How the Government is Fleecing You (1976); The Tax Rebel's Guide to the Constitution, How Anyone Can Stop Paying Income Taxes (1982); and The Federal Mafia - How it Illegally Imposes and Unlawfully Collects Income Taxes (1990). During 1979, petitioner conducted lectures around the country advising those in attendance that they were not required to file income tax returns or pay Federal income tax. Petitioner also encouraged taxpayers not to cooperate with the Internal Revenue Service and advocated using false social security numbers. Petitioner instructed his audiences that no American has an income tax liability and, therefore, should file W-4 forms claiming exempt status so no tax would be withheld. Petitioner charged *219 an admission fee of between $ 10 and $ 15 for those attending his lectures. Petitioner has made no estimated tax payments nor has he voluntarily paid any income taxes from 1973 through at least 1979. Petitioner was convicted of failing to file Federal income tax returns in violation of section 7203 for 1974 and 1975, and found liable for civil fraud additions under section 6653(b) for the same years. Petitioner's bank records for 1979 were obtained by respondent, and a bank deposit analysis was performed to determine petitioner's 1979 income. Respondent contacted petitioner in a March 26, 1986, letter detailing respondent's determination of his 1979 income. The letter invited petitioner to meet with respondent's representatives to discuss and comment on respondent's findings, and to provide respondent with any additional information or explanation. Petitioner scheduled two appointments but failed to show for either. Petitioner had gross income of $ 141,952 and taxable income of $ 96,042 in 1979. Petitioner did not have any taxes withheld on any of his earnings in 1979, made no 1979 estimated tax payments, and did not file an income tax return for the tax year 1979. OPINION
*220 Section 61 states that "gross income means all income from whatever source derived". It is well settled that a bank deposit is prima facie evidence of income where a taxpayer fails to maintain adequate records to explain the amount and source of the deposit. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Harper v. Commissioner, 54 T.C. 1121, 1129 (1970). Petitioner has the burden of proving that respondent's determination was not correct and that such deposits are not taxable income. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent reconstructed petitioner's 1979 taxable income using the bank deposits method. Respondent excluded transfers between accounts and deducted items qualifying as deductible expenses. Petitioner was given an opportunity to participate in that process and provide relevant information, but failed to do so. We have found that petitioner received commission and other income from his insurance agency, Irwin Schiff, Inc., and self-employment income *221 from sales of his tax books and admission charges earned from his tax lectures. Petitioner does not dispute that he earned this income in 1979. Instead, petitioner confines his argument against respondent's 1979 deficiency determination to the proposition that his acknowledged 1979 income is simply not taxable by the United States. According to petitioner, no deficiency can exist, and, therefore, no valid notice of deficiency can be issued without and until a valid assessment has been made. Petitioner's basic premise is that no valid assessment can be made without a voluntarily filed tax return, which petitioner strenuously asserts is something that he has not done. Petitioner also argues that respondent cannot determine a tax on his income for which Congress has not made him liable; that he had no income within the meaning of the Internal Revenue Code; that respondent seeks to impose a tax not authorized by the taxing clauses of the United States Constitution; that this Court has no jurisdiction over petitioner; and that the Tax Court is not a court anyway. These are stale and long discredited tax protester arguments that have been proffered to and rejected by this and other *222 courts countless times. See, e.g., Laing v. United States, 423 U.S. 161, 174 (1976); United States v. Sullivan, 274 U.S. 259, 263-264 (1927); Brushaber v. Union Pac. R.R., 240 U.S. 1, 19-20 (1916); Planned Investments, Inc. v. United States, 881 F.2d 340, 343-344 (6th Cir. 1989); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988); Ficalora v. Commissioner, 751 F.2d 85, 87 (2d Cir. 1984), affg. an unreported order of this Court; Woods v. Commissioner, 91 T.C. 88, 90 (1988); Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Moreover, petitioner has previously raised these same arguments in this Court, had them addressed and dismissed as groundless. Schiff v. Commissioner, T.C. Memo. 1984-223. We will not countenance those who would continue to waste judicial resources by engaging in a detailed scholarly refutation *223 of petitioner's specious claims. McCoy v. Commissioner, supra at 1029. Suffice it to say that they are totally unfounded and without merit. We hold that petitioner had unreported gross income in the amount of $ 141,952 and taxable income in the amount of $ 96,042 in 1979. Next we address whether petitioner is liable for the additions to tax under sections 6653(b) and 6654. Section 6653(b) imposes an addition to tax where respondent shows, by clear and convincing evidence, that a taxpayer underpaid the tax due for the year at issue, and some part of that underpayment was due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); Romer v. Commissioner, 28 T.C. 1228, 1254 (1957). Fraud can be proved by circumstantial evidence, Spies v. United States, 317 U.S. 492 (1943), such as consistent and substantial understatement of income, failure to maintain adequate records, failure to cooperate with an Internal Revenue Service investigation, and awareness of the obligation to file returns, report income, and pay taxes. Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990), *224 affg. in part, revg. in part, and remanding an unreported order of this Court; Harper v. Commissioner, 54 T.C. 1121, 1141-1142 (1970). Fraudulent intent is more easily inferred where the taxpayer is intelligent, educated, and knowledgeable about taxes. Simms v. Commissioner, 422 F.2d 340 (4th Cir. 1970), affg. T.C. Memo. 1968-298. By his own admission, as well as a proclamation in one of his books, petitioner has not made a voluntary tax payment since 1973. Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 211 (2d Cir. 1985). There clearly is an underpayment. Sec. 6653(c). Petitioner is intelligent, educated, knowledgeable about taxes, and is certainly aware of his obligation to file tax returns, report income, and pay taxes. He has been convicted of failing to file Federal tax returns in violation of section 7203, as well as found liable for civil fraud additions under section 6653(b) for 1974 and 1975. He has consistently and substantially understated his income and has failed to maintain or provide adequate records of his income producing activities. Douge v. Commissioner, supra at 168. *225 On this record, we hold petitioner's underpayment of tax in 1979 was due to fraud within the meaning of section 6653(b), and he is therefore liable for additions to tax under that section. Liability for section 6654 additions to tax turns on whether a sufficient estimated tax was paid for the year at issue. This addition is automatically imposed by the statute. Judge v. Commissioner, 88 T.C. 1175, 1188-1189 (1987); Pring v. Commissioner, T.C. Memo. 1989-340. Petitioner filed no return, had no tax withheld, and made no estimated payments for the tax year 1979. Since we held that petitioner had substantial taxable income for that year, we hold that petitioner is liable for the additions to tax under section 6654. Finally, we must decide whether a penalty should be imposed on petitioner under section 6673(a) for instituting and maintaining an action primarily for delay and/or raising frivolous or groundless positions in this Court. As noted above, petitioner is no stranger to this Court, and this is not the first time he has contested the Federal income tax here as well as in other courts. In fact, petitioner's most recent appeal was decided *226 by the United States Court of Appeals for the Second Circuit on November 21, 1990, just 6 days prior to trial in this case. Schiff v. United States, 919 F.2d 830 (2d Cir. 1990). In affirming the District Court's grant of summary judgment against petitioner in his refund action, the Second Circuit found petitioner's arguments essentially the same as those he previously and unsuccessfully made in the Tax Court, the Second Circuit, and elsewhere. Id. at 834-835. Petitioner's arguments on appeal were found to be totally without merit. He was sanctioned by the Second Circuit for "a clear showing of bad faith" in that case for reasserting arguments heard and rejected several times before. Yet, petitioner chose to renew the same specious arguments in this Court within a week of that decision. As noted above, petitioner has unsuccessfully pressed these arguments many times in various courts. See, e.g., Schiff v. United States, 919 F.2d 830 (2d Cir. 1990); United States v. Schiff, 876 F.2d 272 (2d Cir. 1989); United States v. Schiff, 801 F.2d 108 (2d Cir. 1986); Schiff v. Simon & Schuster, Inc., 780 F.2d 210 (2d Cir. 1985); *227 Schiff v. Simon & Schuster, Inc., 766 F.2d 61 (2d Cir. 1985); Schiff v. Commissioner, 751 F.2d 116 (2d Cir. 1984); United States v. Schiff, 612 F.2d 73 (2d Cir. 1979); Schiff v. Commissioner, T.C. Memo. 1984-223. Petitioner has had so many bites at the apple with respect to these frivolous claims that there is nothing left but the core. That petitioner knew these assertions were groundless and sure to be rejected again in this Court is beyond all equivocation at this point. We simply cannot, and will not, let this Court be used as a forum for petitioner to continue to air his discredited theories. We hold that these proceedings were instituted and maintained primarily for delay, and that petitioner's position is both frivolous and groundless. Therefore, we require petitioner to pay a penalty to the United States in the amount of $ 25,000 under section 6673(a). Decision will be entered for respondent and an appropriate order imposing a penalty under section 6673 will be entered.