IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11383

Summary Calendar

_____

SANDRA LENGYEL,

                                        Plaintiff-Appellant,

versus

EVERMAN INDEPENDENT SCHOOL DISTRICT; DAN POWELL,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern of Texas
No. 4-97-CV-1014-E

_____

December 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Sandra Lengyel appeals the dismissal of her civil rights claims against her employer, Everman Independent School District, and its Superintendent, Dan Powell.  We AFFIRM.

    Lengyel has been employed as a teacher in the Everman Independent School district since 1984.  On June 12, 1997, she sent a letter to the school district claiming to terminate its authority

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to withhold federal income tax payments from her paycheck.[1] The letter also stated that the school district was not to use her social security number in reports to the Internal Revenue Service and that she revoke her IRS Form W-4. Lengyel believes that she is not required to pay federal income tax and that her social security account number is associated with the "mark of the beast" described in the Bible's book of *Revelations*. Her letter included a "Statement of Citizenship" document stating that she was a citizen of the United States and had no federal income tax liability in the preceding or current tax year. On June 13, 1997, Superintendent Dan Powell responded that the school district would not comply with her demands. Lengyel replied June 19, 1997, reiterating her demands. The IRS sent letters to the school district and Lengyel that Lengyel's "Statement of Citizenship" was not a valid substitute for a Form W-4 and that the district should withhold federal tax payments from Lengyel's paycheck at the "single" rate with no allowances until Lengyel submitted a Form W-4. Neither the school district, Lengyel, nor the IRS changed positions over the next two months, and when Lengyel received her first paycheck for the 1997-1998 school year she discovered that the school district had withheld federal income taxes. Lengyel filed criminal charges against Superintendent Powell with the City of Everman Police

---

[1]The School District does not withhold F.I.C.A. payments for social security because Lengyel is a member of the Teacher Retirement System of Texas.

Department in September 1997, claiming that the withholding constituted theft.

Lengyel sued the School District and Powell for violation of her civil rights under 42 U.S.C. § 1983 and conspiracy to violate her civil rights under 42 U.S.C. § 1985. She sought an injunction barring the School District and Powell from withholding from her wage earnings for the federal income tax and from using her social security number in reports to the IRS. The parties filed cross motions for summary judgment, and the court granted the defendants' motion, dismissing Lengyel's claims.[2]

We review a grant of summary judgment *de novo*. *See BMG Music v. Martinez*, 74 F.3d 87, 89 (5th Cir. 1996).

Lengyel claims that the School District's withholding from her earnings for income tax deprived her of property without due process of law. An employer paying wages to an employee must withhold funds from the employee's wage earnings for the federal income tax. *See* 26 U.S.C. § 3402(a)(1). An employer is not required to withhold when the employee submits to the employer a proper withholding exemption certificate "in such form and containing such other information as the Secretary may prescribe"

---

[2]The defendants counterclaimed for attorney's fees under Tex. Education Code § 11.161, and the court district court in its order granting their motion for summary judgment gave them until November 27, 1998, to file a proper motion for attorney's fees under 42 U.S.C. § 1988(b). The defendants' claim for attorney's fees is being considered by this court in No. 99-10261.

certifying that the employee incurred no liability for income tax in the preceding tax year and anticipates none for the current year. 26 U.S.C. § 3402(n). If no withholding exemption certificate is in effect, the number of withholding exemptions claimed "shall be considered to be zero." 26 U.S.C. § 3401(d).

The IRS informed the Lengyel and the School District that Lengyel's "Statement of Citizenship" was not a valid withholding exemption certificate. With no exemption certificate in effect, the School District was required by law to withhold funds from Lengyel's earnings with no exemptions. Lengyel did not present evidence that created a genuine issue of material fact as to whether she had submitted a proper withholding exemption certificate.

Lengyel argues that the defendants violated her asserted "right" under 26 U.S.C. § 3402(n) that defendants forward her "Statement of Citizenship" to the IRS pursuant to 26 C.F.R. § 1.1441-5(c). Lengyel's reliance on the proof of citizenship described in § 1.1441-5(a) and its disposition in § 1.1441-5(c) is misplaced. This regulation relates to the means of proof that one is a United States citizen rather than a nonresident alien subject to withholding at a rate of 30% for the types of income specified in 26 U.S.C. § 1441(b). The regulation is unrelated to the withholding exemption certificate referred to in 26 U.S.C. § 3402(n). Lengyel had no right that her employer forward her

4

"Statement of Citizenship" to the IRS as a withholding exemption certificate.

Lengyel argues that her employer's withholding income tax deprived her of property without due process of law because she was not liable for any tax. Summary administrative procedures by the federal government to collect revenue do not offend rights to procedural due process. *See Phillips v. Commissioner*, 283 U.S. 589, 610 (1931). A taxpayer who wishes to contest her tax liability is provided by statute with two procedures for doing so: pay the amount imposed and file suit in federal district court for a refund, or pay nothing and petition the tax court to redetermine the deficiency amount. *See Flora v. United States*, 362 U.S. 145, 175-77 (1960). These procedures provide an adequate opportunity to be heard and to contest an income tax assessment by the IRS. *See Schiff v. United States*, 919 F.2d 830, 832 (2d Cir. 1990). Lengyel did not avail herself of the procedures available to her under federal law. She did not present evidence to create an issue for trial as to whether the defendants deprived her of any federal right by fulfilling their legal obligation to withhold income tax from her wage earnings. The district court properly dismissed this claim.[3]

---

[3]We agree with the district court that a claim for injunctive relief against the collection of a tax is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

5

Lengyel argued before the district court and in her original brief to this court that she is not subject to withholding for social security because she believes it is a voluntary program. This argument is meritless.[4] Lengyel concedes in her reply brief that she is exempt from contributing to social security because she participates in the Texas Teachers' Retirement System. The source of the arguments Lengyel pressed before the district court and this court about the compulsory nature of the social security system appears to lie in the social security account number, which she believes is associated with the "mark of the beast." Lengyel does not want the School District to use her social security account number in reports to the IRS.

Any employee subject to withholding for the federal income tax must obtain a social security number, which is used as a tax identification number. An employer must include the employee's tax identification number on statements or other documents the employer must make for tax purposes. *See* 26 U.S.C. § 6109(a). The employee's social security number is the proper tax identification

---

[4]Lengyel relies on *Railroad Retirement Bd. v. Alton R.R. Co.*, 295 U.S. 330, 345 (1935), which invalidated the Railroad Retirement Act of 1934 because the statute exceeded Congress' power to regulate interstate commerce. Soon after *Alton*, the Supreme Court upheld the unemployment and old age benefits provisions of the Social Security Act as a legitimate exercise of Congress' tax and spending powers. *See Steward Machine Co. v. Davis*, 301 U.S. 548 (1937); *Helvering v. Davis*, 301 U.S. 619 (1937). Payment of the taxes imposed under the Act is mandatory for those who are not exempt from payment. *See United States v. Lee*, 455 U.S. 252, 256-59 (1982).

number. *See id.* An employee who is subject to payment of income tax must obtain a social security account number to be used as a tax identification number. *See* 26 C.F.R. § 31.6011(b)-2(a)(1).

Lengyel objects to the numbering of persons, believing this to be associated with the "mark of the beast." She argues that her employer violated her right to the free exercise of her religion by identifying her in reports to the IRS by her social security account number and by failing to accommodate her request to be identified by some other means. Her arguments in this appeal are directed toward her employer and not toward the IRS, which is not a party to the dispute.

The district court properly found that the School District could not be liable under § 1983 for observing the tax laws and using Lengyel's social security number in reports to the IRS. An individual will not be exempted from obeying a neutral law of general applicability on Free Exercise Clause grounds, even though the law burdens the exercise of his religion. *See Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872, 880 (1990); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Lengyel presented no evidence showing that the School District's refusal to seek an exemption from the use of her social security number was directed toward burdening her religious practice or that using the social security number for IRS reporting is not generally applied by the School District. The district

7

court properly granted the defendants' motion for summary judgment on Lengyel's § 1983 claim, because the School District did not violate any right of Lengyel's by obeying the tax laws in its use of her social security number.

A § 1985 plaintiff must show that two or more persons conspired to deprive her of equal protection of the laws or the privileges and immunities of United States citizenship. Lengyel presented no evidence of any planned or completed violation of her civil rights. The district court properly granted the defendants' motion for summary judgment on Lengyel's § 1985(3) claim.

Lengyel's motion for leave to include record excerpts is rendered MOOT by the disposition of this appeal.

AFFIRMED.