[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-15328
Non-Argument Calendar
_____

D. C. Docket No. 01-00526-CV-FTM-29

DONNA JEAN BARNETT,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2004)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Donna Jean Barnett appeals pro se the district court's grant of summary judgment in favor of defendant-appellee, the United States Government, on her claim that the Internal Revenue Service ("IRS") did not give her proper notice of a $500 penalty assessed against her for filing a frivolous income tax return. We AFFIRM.

## I. BACKGROUND

In May of 1998, Barnett filed a form 1040 income tax return with the IRS for the 1997 tax year. On her return, Barnett reported zero earned income and zero taxable income, when in fact she earned a combined total of $26,761.00 from her employment with the State of Florida and the federal government's Office of Personnel Management. R1-37 at 2. The IRS assessed a $500 penalty against Barnett for filing a frivolous return, pursuant to 26 U.S.C. § 6702(a). Simultaneously, the IRS also sent Barnett a notice of demand for payment. R1-1 at Ex. D. This was followed by two notices of intent to levy to collect the penalty.

In response to her assessed penalty, Barnett requested a "Collection Due Process" ("CDP") hearing. At the CDP hearing, the IRS determined that Barnett's 1997 tax return was frivolous and that the $500 penalty was properly assessed. Barnett disagreed and filed a complaint in the Middle District of Florida requesting that the IRS' determination be invalidated. The Government filed a motion to dismiss, which was denied, and then filed a motion for summary judgment. The

district court granted the Government's motion for summary judgment, and Barnett appeals that ruling to us.

## II.  DISCUSSION

On appeal, Barnett does not dispute the district court's finding that her 1997 tax return was frivolous under 26 U.S.C. § 6702(a) or that the $500 penalty was properly assessed under 26 U.S.C. § 6671(a).  Instead, Barnett argues that the IRS' notice and demand for payment was invalid because it did not conform to the requirements of Treasury Decision 1995—dated 12 June 1914—which required that a "Form 17" be used for notice and demand letters.  She maintains that because her letter was not sent on Form 17, the notice must be legally invalid. Barnett's argument is incorrect.  We discuss her argument after stating the proper standard of review.

A.  Standard of Review

"We review de novo a district court's order granting motion for summary judgment and construe 'all reasonable doubts about the facts in favor of the non-movant.'"  Wright v. Dougherty County, 358 F.3d 1352, 1354 (11th Cir. 2004) (per curiam) (citation omitted).


B.  Barnett's Notice of Demand Letter

Barnett's reliance on Treasury Decision 1995 is misplaced because 26 U.S.C. § 6303(a), which was enacted in 1986, currently governs the requirements for notice and demand letters. While § 6303(a) requires that the IRS provide Barnett with "notice . . . stating the amount and demanding payment thereof," it does not state that the notice must be sent on Form 17. Although we have not yet addressed the proper procedure for giving notice and demand under § 6303(a), we agree with two of our sister circuits that have concluded that § 6303(a) does not require any particular form of notice. Schiff v. United States, 919 F.2d 830, 833 (2d Cir. 1990) (per curiam) (concluding that § 6303(a) does not require that notice of demand letters be sent on Form 17); Planned Invs., Inc. v. United States, 881 F.2d 340, 344 (6th Cir. 1989) (concluding that § 6303(a) requires no particular form of notice). Because the notice sent by the IRS to Barnett conforms to the requirements of § 6303(a)—it afforded Barnett notice of the assessment, stated its amount, and demanded payment—the district court's decision granting summary judgment in favor of the Government is affirmed.

## III.  CONCLUSION

In this appeal, Barnett argued that the IRS' notice and demand for payment of its $500 penalty assessed as a result of Barnett's frivolous 1997 income tax return was not valid because it was not sent on a "Form 17," as required by a 1914 Treasury Decision. Section 6303(a), which was enacted in 1986, does not require

that notice and demand be sent on any particular form.  Therefore, the judgment of

the district court is

**AFFIRMED**.