**UNITED STATES of America,**

v.

**Ismael GENAO, Defendant.**

**No. 03 CR. 574(SCR).**

United States District Court, S.D. New York.

Nov. 5, 2004.

John P. Collins, Jr., White Plains, NY, for Plaintiff.

Ian Yankwitt, New York City, for Defendant.

MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. The Defendant's Motions

Defendant Ismael Genao, proceeding *pro se*, moves to (1) disqualify the Court

from the case including post-conviction motions and sentencing under 28 U.S.C. § 455 and (2) have the Court reconsider its denial of Defendant's motion to suppress all evidence from search warrant 03 Mag. 744.

## II. Motion to Disqualify

■ Defendant argues that the Court should be disqualified from the case because the Court "linked the defendant to the 'server1' communication before any witness made such link. In fact no witness was able to directly link the defendant to 'server1' other than the court." The Court, responding to Defendant's objection during trial, explained to the jury that the Government was not alleging that other advertisements were posted by the Defendant and that based on the Indictment, which charged that Defendant was 'server1', there was only one reference to the Defendant in the disputed exhibit.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USC § 455(a). Recusal is required in situations where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 USC § 455(b)(1). Essentially, § 455 asks whether "an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef,* 327 F.3d 56, 169 (2d Cir.2003) (internal quotations and citations omitted). In this instance the Court utilized its common law power to explain, summarize, and comment on the facts and evidence. *See Quercia v. United States,* 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). More-

over, rulings made by a district court judge during trial and statements made during the course of her duties cannot serve as a basis for a judge's disqualification under 455. *See King v. United States,* 576 F.2d 432, 437–38 (2d Cir.1978).

Neither the Court's handling of the Defendant's trial and post-conviction motions nor the Defendant's dissatisfaction with previous rulings provides a basis for recusal. Prior rulings against the Defendant do not provide a reasonable basis to question a judge's impartiality. *See Schiff v. United States,* 919 F.2d 830, 834 (2d Cir. 1990). Instead, Defendant, if displeased with previous rulings, should appeal that judgment rather than seek recusal. In addition, Defendant fails to allege that the Court's bias stems from any extrajudicial bias.

For the reasons set forth above and based on a review of the record, the Defendant's motion for a 28 U.S.C. § 455 recusal is denied.

## III. Motion for Reconsideration

■ Petitioner claims that 1) the warrant was overbroad and 2) a recent Supreme Court case, *Groh v. Ramirez,* 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), applies. Defendant fails to explain how this recent case is applicable in this instance. Because the Defendant is proceeding pro se, the Court will read and construe his motion liberally. The Defendant points out that the warrant at issue on its face did not lists with detail the property that is concealed, the grounds for search and seizure, and the facts establishing grounds for the search warrant although the attached affidavit did include those details. Therefore, Defendant argues that the warrant was overbroad, and, therefore, the items seized with the warrant should not have been admitted at trial. The *Groh* case cited by the Defen-

dant, however, makes quite clear that "a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Id.* at 1290. Here, the reviewing court was instructed to "[s]ee [a]ttached [a]ffidavit." As a result, *Groh* is inapplicable to this case.

For the reason set forth above, the Defendant's motion for reconsideration of the denial of the motion to suppress all evidence seized from search warrant 03 Mag. 744 is denied.

## IV. Conclusion

Defendant's motion for a 28 U.S.C. § 455 recusal and motion for reconsideration of the denial of the motion to suppress all evidence seized from search warrant 03 Mag. 744 are denied.

IT IS SO ORDERED.