See also 70 Fed.Appx. 17.

Glen **SILVER**, Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent–Appellee.

No. 05–0741–ag.

United States Court of Appeals, Second Circuit.

June 23, 2006.

**64**

Glen Silver, pro se, Waterloo, NY, for Appellant.

Robert L. Baker (Eileen J. O'Connor, Assistant Attorney General, Kenneth L. Greene, on the brief), Tax Division, United States Department of Justice, Washington, DC, for Appellee.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Taxpayer Glen Silver appeals *pro se* from an order of the United States Tax Court affirming a tax collection determination made by the Internal Revenue Service ("IRS").[1] We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

In October 2002, Silver filed with the Tax Court a petition pursuant to 26 U.S.C. § 6330(d) in which he challenged a determination of the IRS Office of Appeals that a notice of federal tax lien that had been issued as a result of Silver's outstanding income tax liabilities for the years 1995 and 1996 would not be withdrawn or released.[2] Silver claimed that the Commissioner of Internal Revenue (the "Commissioner") failed to provide adequate evidence during a so-called Collections Due Process ("CDP") hearing— conducted by the IRS Office of Appeals pursuant to 26 U.S.C. § 6320—that the IRS had adhered to the applicable procedural requirements for filing a notice of lien. In particular, Silver contended that the IRS did not send him a notice of the assessment, *see* 26 U.S.C. § 6303(a), or a record of the assessment, *see* 26 U.S.C. § 6203. In addition, he argued that the IRS failed to certify the assessment list. The Commissioner responded that he had not abused his discretion in upholding the filing of the tax lien, and he moved for sanctions pursuant to 26 U.S.C. § 6673(a)(1) on the ground that Silver's claims were frivolous and brought primarily for the purpose of delay.

At a September 20, 2004 hearing before the Tax Court, IRS Appeals Officer Michael Smith testified that he held a CDP hearing and determined that the IRS had complied with all statutory and regulatory requirements in filing the notice of federal tax lien against Silver. Silver also testi-

---

1. The order of the Tax Court also imposed a $3,000 sanction on Silver pursuant to 26 U.S.C. § 6673(a)(1), but we do not consider the sanction here because Silver has not challenged it on appeal.

2. Silver's petition was timely because he filed it within thirty days of the dismissal of the petition he had improperly filed in the United States District Court for the Western District of New York. *See* 26 U.S.C. § 6330(d)(1) ("If a court determines that the appeal was to an

incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."). This Court affirmed the judgment of the United States District Court for the Western District of New York dismissing Silver's improperly filed petition and remanding a frivolous return penalty to the IRS. *See Silver v. Smith,* 70 Fed.Appx. 17 (2d Cir.2003). Silver failed to contest the penalty on remand.

fied, but he declined to answer some of the IRS's questions on the basis of his Fifth Amendment privilege against self-incrimination. Following the hearing, the Tax Court rendered an oral opinion dismissing Silver's petition and finding that: (1) the IRS was not required to provide Silver documented verification that applicable statutory and regulatory requirements had been satisfied; (2) notices of the assessment had been sent to Silver; (3) the allegations of formal irregularities did not affect the validity of the assessment; and (4) Smith credibly testified that he had verified that the assessment had met all applicable statutory and regulatory requirements. In addition, the Tax Court fined Silver $3,000 for filing a frivolous petition for the purpose of delay.

On appeal, Silver asserts the following arguments: (1) the Tax Court erred by relying on extra-record evidence that was not presented during the CDP hearing; (2) the Commissioner failed to meet his burden of proving that Silver had received the income alleged because there is no record of any valid assessment certificate; (3) the Commissioner failed to provide a copy of the record of assessment pursuant to Silver's request; and (4) the Commissioner failed to certify the assessment list.

We review the Tax Court's conclusions of law *de novo*, its findings of fact for clear error and its application of its procedural rules for abuse of discretion. *See Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir.2003); *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 285 (2d Cir.2002); *see also* 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals ... shall ... review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."). When the underlying tax liability is not at issue, the IRS's administrative determinations are re-viewed for abuse of discretion. *See Davis v. Comm'r*, 115 T.C. 35, 39, 2000 WL 1048515 (2000).

We find no error in the Tax Court's review of the IRS's administrative determination. Notices that were undisputedly sent to Silver—the notice of tax lien filing, the notice of intent to levy and letters requesting payment—satisfied the applicable notice requirements of 26 U.S.C. §§ 6303(a), 6320(a)(2), and 6330(a)(2). *See Schiff v. United States*, 919 F.2d 830, 833 (2d Cir.1990) (per curiam) ("There is no requirement that the Secretary [of the Treasury] use a specific form to provide notice of a deficiency to a taxpayer."). Moreover, although the Forms 4340 introduced as evidence to the Tax Court were excluded because the Commissioner had not provided timely notice of the exhibits, the testimony of Appeals Officer Smith that he relied on those Forms 4340 was properly part of the administrative record. It was not an abuse of discretion for the Appeals Officer to rely on the Forms 4340 as verification of the assessment. *See Wright v. Comm'r*, 90 T.C.M. (C.C.H.) 615, 619, 2005 WL 3486024 (2005) ("A Form 4340 ... constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203."); *Schroeder v. Comm'r*, 84 T.C.M. (C.C.H.) 141, 144, 2002 WL 1792084 (2002) ("[26 U.S.C. § 6330(c)(1)] does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein."). Moreover, the Appeals Officer was under no obligation to provide Silver specific evidence that the statutory or regulatory requirements had been met. *See* 26 U.S.C. § 6330(c)(1) (simply requiring that an Appeals Officer "shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met").

We have considered all of Silver's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the Tax Court.