James Burnett McKay LAING, Plaintiff-Appellant,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 707, Docket 73–2537.

United States Court of Appeals, Second Circuit.

Argued April 8, 1974.

Decided May 2, 1974.

allegedly belonging to him and a declaratory judgment that the provisions of the Internal Revenue Code under which the assessment and levy on his property were made were unconstitutional. The facts are set out in the opinion of the district judge, 364 F.Supp. 469, at 470, 471, and are not disputed.

On appeal plaintiff argues: (1) that the Government cannot assess a taxpayer's tax liability pursuant to 26 U.S.C. § 6201 unless or until the taxpayer, or the Secretary or his delegate on behalf of the taxpayer, files a tax return; (2) that the IRS cannot terminate a taxable year and make a jeopardy assessment under § 6851, but must proceed under § 6861; (3) that the assessment and seizure in the instant case constituted a denial of due process, and (4) that the district court was not without jurisdiction to grant relief. In effect, plaintiff is asking the Court to reconsider and overrule Irving v. Gray, 479 F.2d 20 (2 Cir. 1973).

We affirm the dismissal of the complaint. Notwithstanding the recent decision of the Sixth Circuit in Rambo v. United States, 492 F.2d 1060 (1974), we adhere to our decision in *Irving*, which discussed and declined to follow the decisions upon which *Rambo* was largely based, particularly Schreck v. United States, 301 F.Supp. 1265 (D.Md. 1969). See 479 F.2d at 23, 24. The facts and applicable principles in the instant case are essentially similar to those in *Irving*. Plaintiff was attempting to take some $300,000 in cash out of this country in a suitcase in the engine compartment of his automobile. A jeopardy assessment was clearly justified. So far as the record shows, no deficiency has yet been determined and plaintiff therefore has not yet had access to the Tax Court. But he has had the right, at any time, to file a return showing the amount of any tax due and to file an action in the appropriate district court six months thereafter to recover any claimed overpayment as a result of the

Rudolph F. Pierce, Boston, Mass. (Joseph S. Oteri, Kevin M. Keating, Martin G. Weinberg, Crane, Inker & Oteri, Boston, Mass., of counsel), for appellant.

Robert S. Watkins, Atty., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Dept. of Justice, Washington, D. C., and George W. Cook, U. S. Atty. for the District of Vermont, of counsel), for appellees.

Before FRIENDLY and TIMBERS, Circuit Judges, and THOMSEN,* District Judge.

PER CURIAM:

Plaintiff appeals from the judgment of the district court dismissing plaintiff's complaint, which sought an injunction against the continued possession by the Internal Revenue Service of money

* Of the District of Maryland, sitting by designation.

jeopardy assessment and seizure of his money. Int.Rev.Code of 1954, §§ 7422(a) and 6532(a); T.R. § 301.604–3(b) (1958); Irving v. Gray, 479 F.2d at 24.

 Actions to restrain the assessment or collection of federal taxes are generally barred by § 7421. This case does not fall within any of the exceptions enumerated in that section; nor does it fall within the exception created by Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), i. e., where (1) "it is clear that under no circumstances could the Government ultimately prevail" and (2) "equity jurisdiction otherwise exists". See Irving v. Gray, 479 F.2d at 25.

Affirmed.