**Howard Ross BUTLER, Plaintiff,**

v.

**THE TRAVELERS INSURANCE CO., Defendant.**

**No. CV 96–115–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

May 16, 1997.

Howard Ross Butler, Hamilton, MT, for Pro se.

Gary L. Graham, Garlington, Lohn & Robinson, PLLP, Missoula, MT, for Defendant.

## ORDER

LOVELL, District Judge.

This matter is before the court on Defendant's motion for summary judgment filed pursuant to Rule 56, Fed.R.Civ.P. Plaintiff has filed a response in objection to the motion. Based on the parties' briefs and the record in this case, the court is prepared to rule on Defendant's motion.

## ISSUE

Defendant Travelers Insurance Company (Travelers) claims that it is immune from liability because it acted under obligation of and in accordance with federal law in surrendering to the Internal Revenue Service (IRS) property owned by Plaintiff and levied on by the IRS.

## BACKGROUND

In a notice of assessment dated February 11, 1992, The IRS demanded that Plaintiff and his wife, Elaine E. Butler, pay delinquent income taxes. On February 11, 1994, the IRS issued to Plaintiff and Elaine R. Butler a document entitled "Final Notice (Notice of Intent to Levy)" regarding a delinquent income tax debt. Then in a document entitled "Notice of Federal Tax Lien" dated July 6, 1995, the IRS notified Plaintiff and Elaine R. Butler that there existed a lien in favor of the United States on all property and rights to property belonging to them, the named taxpayers. And finally, by sending a copy of a "Notice of Levy" dated March 19, 1996, the IRS notified Plaintiff and Elaine R. Butler that it had demanded payment from Travelers of any monies owed by Travelers to them until the total amount owed to the IRS had been paid. Each one of these four IRS notices was received by Plaintiff, as is evidenced by his provision of a copy of each as an attachment to his affidavit in support of his complaint, and was inscribed with a handwritten notation stating "Refused for cause without dishonor, and without recourse to me. Howard Ross Butler."

Travelers serves as administrative agent for the retirement plan held by the Kansas State Telephone Company. Plaintiff, a former employee of that company, is a recipient of payments under the retirement plan. On March 29, 1996, Travelers received: (1) from the IRS a Notice of Levy on the property of Plaintiff and Elaine R. Butler; and (2) a letter from Plaintiff demanding that Travelers not honor the levy. On June 12, 1996, Travelers issued a letter to the IRS advising of Travelers' intent to honor the levy and copied the letter to Plaintiff. On June 24, 1996, an additional Notice of Levy identifying the taxpayers as Plaintiff and Elaine E. Butler was sent to Travelers. Travelers subsequently began forwarding to the IRS monthly checks in the amount of $320.75, the amount due Plaintiff under his annuity plan. Plaintiff filed this action on July 23, 1996, accusing Defendant of conversion, collusion to defraud, and legal or constructive fraud.

## DISCUSSION

Summary judgment is properly granted under Fed.R.Civ.P. 56(c) if "the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Once the moving party has met its burden of presenting evidence negating the essential elements of the non-moving party's claim, the burden shifts to the non-moving party to demonstrate that a material issue of fact exists that precludes summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In its motion for summary judgment, Defendant argues that it was compelled by federal law to surrender Plaintiff's property to the IRS upon the Secretary's demand. Plaintiff argues, on the other hand, that Defendant's actions were not precipitated by a lawful demand and, therefore, Defendant converted Plaintiff's property.

Under the Internal Revenue Code, a lien is automatically established in favor of the United States against the property or rights to property of a person who is liable to pay taxes and fails to pay the same on demand. I.R.C. § 6321. To establish the lien, the IRS must demand payment within sixty (60) days after an assessment. I.R.C. § 6303. Under section 6331, the taxpayer must make payment within ten (10) days of the demand.

When a federal tax lien is established, the IRS may levy upon the taxpayer's property and rights to property, except for certain exempt property described under I.R.C. § 6334. I.R.C. § 6331. Before the IRS may levy property, it must notify the taxpayer of its intention at least thirty (30) days prior to the date of the levy. I.R.C. § 6331(d). With certain limited exceptions, a person in possession of property or rights subject to levy and upon which a levy has been made must surrender the same upon demand of the Secretary. I.R.C. § 6332(a). Failure to surrender the property or rights as demanded subjects that person to liability for the value of the property or rights to property and to further penalties. I.R.C. § 6332(d)(1)-(2). On the other hand, the person-in-possession who properly surrenders such property or rights is discharged from liability or obligation to the delinquent taxpayer with respect to such property or rights to property. I.R.C. § 6332(e).

In the case at bar, according to the undisputed facts, the assessment date was February 11, 1992. The demand for payment was dated February 11, 1992. Plaintiffs failed to pay the amount due. In a notice dated February 11, 1994, the IRS informed Plaintiff and Elaine E. Butler of its intent to levy their property. And finally, in a notice dated March 19, 1996, the IRS notified both Travelers and said taxpayers of the levy on the property in the possession of Travelers and payable to Plaintiff.

In his opposition to the instant motion, Plaintiff argues that neither he nor Defendant received a "form 17, Assessed taxes—Notice and demand, as required by TD 1995." He also argues that a lawful levy was

never made on Plaintiff or Defendant—that a lawful levy requires a form 668–B, a Warrant of Distraint, an actual seizure of the property and a notice of seizure, form 2433. Plaintiff further argues that a levy may only be made on salary or wages of an officer, employee or elected official of the federal government. Additionally, Plaintiff argues that a continuing levy is illegal except on salary and wages. And finally, Plaintiff asserts that summary judgment is not appropriate because the IRS has not named the tax due on the forms used to collect taxes from him.

■ Plaintiff's asserted facts regarding the lack of proper notice to both him and to Defendant are misguided and inaccurate. As evidenced by the exhibits provided by Plaintiff, the IRS assessed Plaintiff and Elaine E. Butler on February 11, 1992. On that same date, the IRS provided the specific notice and demand required under I.R.C. § 6303. Plaintiff's argument that the notice and demand should have been provided in some other fashion fails for lack of support under the law. *See Laing v. United States*, 364 F.Supp. 469, 472 n. 6 (D.Vt.1973), *aff'd on other grounds*, 496 F.2d 853 (2d Cir.1974), *rev'd on other grounds*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). Further, under section 6303, Defendant is not a person who must receive notice of Plaintiff's liability for unpaid taxes. Finally, the court finds no support under the law for Plaintiff's assertion that a lawful levy requires a warrant of distraint or an actual seizure. Upon consideration of all I.R.C. provisions applicable to the instant case, the court only can presume that Plaintiff misconstrues the language of subsection 6331(b) permitting distraint and seizure "by any means" as requiring additional steps other than those taken by the IRS. There exists no support for this contention.

■ Plaintiff's argument that the IRS's ability to levy is limited to salary and wages of government employees or officials likewise must fail. Section 6331 provides for the collection of such taxes "by levy upon all property and rights to property ... belonging to such person...." I.R.C. § 6331(a). Further provisions providing for levy on wages and salary of government officials or employees

do not negate or condition the clear language quoted herein.

■ Similarly, Plaintiff's contention that the continuing nature of the levy at issue is unlawful lacks support under the law. The federal tax lien, when attached to wages, "is a continuing lien applicable to after-acquired property." Rev. Rul. 55–227, 1955–1 C.B. 551 (stating that the accrued salary of an employee held by an employer is an evidence of debt within the purview of the federal collection statute). "Property" includes obligations, rights and intangibles such as an interest in a pension. *Id.* An obligation exists "when the liability of the obligor is fixed and determinable, although the right to receive payment thereof may be deferred until a later date." Rev. Rul. 73–365, 1973–2 C.B. 407; *see also American National Bank v. United States*, 149 B.R. 450, 456 (Bankr. S.D.Tex.1993). In this case, Plaintiff does not dispute that: (1) Travelers' has an obligation to make future payments, an obligation that is fixed and determinable; and (2) the obligation arises from deferred compensation for services rendered in the past.

[5] Plaintiff's final argument in opposition to the instant motion is that the IRS has not specifically named the tax that he is claimed to owe. Notwithstanding the language on the exhibits submitted by Plaintiff that identifies the taxes owed by him as amounts due on 1040 returns, Plaintiff continues to argue that the taxes have not been identified. At any rate, it is not required under the revenue code or related regulations that such information must be provided on the documents of a levy; therefore, this is not a material fact preventing entry of summary judgment.

In conclusion, applying the provisions of the Internal Revenue Code to the undisputed facts of this case, the IRS properly established the lien and levied the Plaintiff's property. Defendant complied with its duty under the law in surrendering to the IRS Plaintiff's property subject to levy. Defendant has met its burden of presenting evidence negating the essential elements of Plaintiff's claims of conversion, collusion to defraud, and legal or constructive fraud. Plaintiff has failed to provide specific facts

showing that there is a genuine issue for trial. The court finds that Defendant is entitled to summary judgment as a matter of law.

This court normally is reluctant to enter summary judgment against a pro se litigant when there may exist issues that would justify a trial on the merits but for that litigant's inability to articulate material facts under the standard set out in *Celotex Corp.* In this case, however, according to statements made by this plaintiff to the court in other related cases, he both completed a course of correspondence study in the law and is a certified public accountant. Plaintiff is a sophisticated litigant who has gained an understanding of the law relating to his tax issues through several related cases. Also, the court has cautiously considered all aspects of Plaintiff's claims in this case, and it finds that the law as applied to the undisputed facts herein leave no room for dispute as to the determination of the motion for summary judgment. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED. Plaintiff's claims against Defendant are DISMISSED, and all relief is DENIED.

The clerk is directed forthwith to notify the parties of entry of this order.